UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIMBOLA ADELAJA,<br><br>        Plaintiff,<br><br>    v.<br><br>JEROME GUILLEN, et al.,<br><br>        Defendants. | Case No. 24-cv-08159-SI<br><br>**ORDER DENYING MOTION FOR REMAND**<br><br>Re: Dkt. No. 12 |

Before the Court is plaintiff's motion to remand. Dkt. No. 12. For the reasons stated below, the Court DENIES the motion.

**BACKGROUND**

On November 13, 2024, plaintiff Abimbola Adelaja brought a civil action for damages against defendants Jerome Guillen, Jeremy Gallaher, and Does 1-20 in the Superior Court of the State of California, County of San Mateo. Dkt. No. 1-1, Ex. A. Plaintiff resides in New York, and both named defendants reside in California. *Id.* On November 19, 2024, defendants Guillen and Gallaher jointly filed a notice of removal with the Northern District of California and completed service on plaintiff. Dkt. No. 1. Defendant Guillen was served the original state court complaint on December 10, 2024. Dkt. No. 19-1.[1]

---

[1] The declaration of plaintiff's attorney does not state if or when defendant Gallaher was served. Dkt. No. 19-1.

**LEGAL STANDARD**

The proponent of federal jurisdiction, typically the defendant, has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When removal is based on diversity of citizenship, there must be complete diversity of citizenship and the amount in controversy requirement must be met. 28 U.S.C. § 1332.

There is a caveat to removal jurisdiction in diversity cases known as the "forum defendant rule." Section 1441(b)(2) of Title 28 of the United States Code provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought.

(Emphasis added.) "Snap removal," the procedural tactic at issue in this case, is "[t]he practice of circumventing application of the forum-defendant rule by removing before defendants are served." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).

**DISCUSSION**

In the absence of guidance from the Ninth Circuit,[2] courts in the Northern District of California generally permit snap removals, largely relying on the plain language of § 1441(b)(2). *See Republic Western Insurance Co. v. International Insurance Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991); *City of Ann Arbor Employees' Retirement System v. Gecht*, No. C-06-7453EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012); *Loewen v. McDonnell*, No. 19-CV-00467-YGR, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019). In *World Financial Group Insurance Agency v. Olson*, the court followed the district's majority view, but recognized this approach could "promote gamesmanship under certain circumstances." No. 19-CV-07670-LHK, 2024 WL 730356, at *5 (N.D. Cal. Feb. 22, 2024). Not every court in this district has allowed snap removals, however.

---

[2] While leaving a decision on snap removals open, the Ninth Circuit recently disallowed "super snap removals," where removal occurs before a county clerk endorses the filing and issues a summons. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024).

*See In re Roundup Prods. Liab. Litig.*, No. 16-MD-02741-VC, 2019 WL 423129, at *1 (N.D. Cal. Feb. 1, 2019) [denying snap removal]; *Whyte Monkee Prods. LLC v. Netflix, Inc.*, 730 F. Supp. 3d 947, 953 (N.D. Cal. 2024) [expressing skepticism about snap removal, but denying remand because the court had federal question and supplemental jurisdiction].

The three appellate courts to directly address this issue have held that snap removals are permissible. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705, 707 (2d Cir. 2019); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486-87 (5th Cir. 2020). However, the Eleventh Circuit implied that snap removals may be inappropriate, and that a district court may undo defendant gamesmanship in the absence of plaintiff gamesmanship, largely relying on a purpose argument rather than a literal reading of the statute. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

While the "properly joined and served" language of § 1441(b)(2) deters gamesmanship by plaintiffs, snap removals can "promote gamesmanship" by defendants. *World Fin. Grp. Ins. Agency*, 2024 WL 730356, at *5. The purpose of removal based on diversity jurisdiction is to protect out-of-state defendants in state court from potential prejudices in favor of local litigants. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). However, when defendants are in-state residents, the need for protection from such prejudice is absent, and thus removal is inconsistent with the purpose of the forum defendant caveat to diversity jurisdiction. *See id.*

Here, the California resident defendants engaged in gamesmanship contrary to the purpose of the forum defendant rule. On November 13, 2024, the out-of-state plaintiff brought a civil action in the State of California for damages against in-state resident defendants. Dkt. No. 11 at 2; Dkt. No. 1-1, Ex. A. Plaintiff received confirmation of the filing on November 15, 2024. Dkt. No. 12 at 3. On November 19, 2024, the second business day after confirmation, defendants who had been put on notice of possible litigation by a pre-litigation letter from plaintiff, jointly filed a notice of removal. Dkt. No. 1. These circumstances suggest an element of gamesmanship in defendants'

removal action.[3]

Nonetheless, the Court recognizes the importance of consistent holdings within the Northern District to provide clarity and predictability for litigants and holds that a fair reading of the plain language of § 1441(b)(2) allows snap removals. Accordingly, the Court will deny plaintiff's motion to remand.[4]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: February 14, 2025

SUSAN ILLSTON
United States District Judge

---

[3] Snap removal benefits aggressive and technologically savvy defendants that have begun monitoring state court dockets and removing newly filed cases in the short time window between filing and service on forum defendants. § 96:22. Forum selection provisions, 8 Bus. & Com. Litig. Fed. Cts. § 96:22. (5th ed.).

[4] The Court notes this decision would likely be different in other districts. For example, in the Central District of California, there is "strong consensus" to disallow snap removals because of the purpose of the forum defendant rule. *Black v. Monster Beverage Corp.*, No. EDCV1502203MWFDTB, 2016 WL 81474, at *3 (C.D. Cal. Jan. 7, 2016); *see also Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1010-11 (D. Nev. 2021) ["Judges in this District who have reached the question have uniformly held that 'snap removal' is improper under 28 U.S.C. § 1441(b)(2)."].